```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :    PROTECTIVE ORDER
          - v. -                   :
                                   :    22 Cr. 550 (NSR)
TAJ EVERLY,                        :
                                   :
                    Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - x
```

NELSON S. ROMÁN, United States District Judge:

      WHEREAS the Government intends to produce to TAJ EVERLY, the defendant, certain documents and materials that (i) affect the privacy and confidentiality of individuals, (ii) would impede, if prematurely disclosed, the Government's ongoing investigation; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action, and other materials pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16") and pursuant to any other disclosure obligations (collectively, the "Discovery"), which contain sensitive, confidential, or personal identifying information;

      WHEREAS, the Government seeks to protect sensitive, confidential, or personal identifying information contained in the materials it produces consistent with Rule 16 or other disclosure obligations;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2022

1

WHEREAS the Government has applied for the entry of this Order;

IT HEREBY IS ORDERED:

1. The Discovery disclosed to the defendant ("Defendant") and/or to the defendant's criminal defense attorney ("Defense Counsel") during the course of proceedings in this action:

   a) Shall be used by the Defendant or his Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action;

   b) Shall not be copied or otherwise recorded or transmitted by the Defendant, except to Defense Counsel, or except as necessary for the Defendant to take notes, which are not to be further transmitted to anyone other than Defense Counsel;

   c) Shall not be disclosed or distributed in any form by the Defendant or his counsel except as set forth in paragraph 1(d) below;

   d) May be disclosed only by Defense Counsel and only to the following persons ("Designated Persons"):

      i. investigative, secretarial, clerical, or paralegal personnel employed full-time, part-time, or as

independent contractors by the defendant's counsel ("Defense Staff");

ii.  any expert or potential expert, legal advisor, consultant, or any other individual retained or employed by the Defendant and Defense Counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors");

iii.  such other persons as hereafter may be authorized by Order of the Court ("Other Authorized Persons");

e)  May be provided to prospective witnesses and their counsel (collectively, "Potential Defense Witnesses"), to the extent deemed necessary by defense counsel, for trial preparation.  To the extent Discovery materials are disclosed to Potential Defense Witnesses, they agree that any such materials will not be further copied, distributed, or otherwise transmitted to individuals other than the recipient Potential Defense Witnesses.

2.  The Defendant and Defense Counsel shall provide a copy of this Order to any Designated Persons to whom they disclose Discovery materials.  Prior to disclosure of Discovery materials to Designated Persons, any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to Defense Counsel.  All

such acknowledgments shall be retained by Defense Counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated. The Defendant and his counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

3. To the extent that Discovery is disseminated to Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses, via means other than electronic mail, Defense Counsel shall encrypt and/or password protect the Discovery.

4. The Government, the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses and their counsel, and Other Authorized Persons are prohibited from posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website or other publicly available medium.

5. The Government (other than in the discharge of their professional obligations in this matter), the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses and their counsel, and Other Authorized Persons are strictly prohibited from publicly

disclosing or disseminating the identity of any victims or witnesses referenced in the Discovery.  This Order does not prohibit Defense Counsel or Defense Staff from referencing the identities of individuals they believe may be relevant to the defense to Potential Defense Witnesses and their counsel during the course of the investigation and preparation of the defense case at trial.  Any Potential Defense Witnesses and their counsel who are provided identifying information by Defense Counsel or Defense Staff are prohibited from further disclosing or disseminating such identifying information.

      6.   The Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses, and Other Authorized Persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing the identity of any victims or witnesses referenced in the Discovery, unless authorized by the Government in writing or by Order of the Court.  Any such filings must be filed under seal, unless authorized by the Government in writing or by Order of the Court.

      7.   Copies of Discovery or other materials produced by the Government in this action bearing "confidential" stamps, or designated as "confidential" as described below, and/or electronic Discovery materials designated as "confidential" by the Government, including such materials marked as

"confidential" either on the documents or materials themselves, or designated as "confidential" in a folder or document title, are deemed "Confidential Information." The Government shall clearly mark all pages or electronic materials containing Confidential Information, or folder or document titles as necessary, with "confidential" designations.

8. Confidential Information may contain personal identification information of victims, witnesses, or other specific individuals who are not parties to this action, and other confidential information; as well as information that identifies, or could lead to the identification of, witnesses in this matter.

9. Defense Counsel may, at any time, notify the Government that Defense Counsel does not concur in the designation of documents or other materials as Confidential Information. If the Government does not agree to de-designate such documents or materials, Defense Counsel may thereafter move the Court for an Order de-designating such documents or materials. The Government's designation of such documents and materials as Confidential Information will be controlling absent contrary order of the Court.

10. Confidential Information disclosed to the defendant, or Defense Counsel, respectively, during the course of proceedings in this action:

6

a)  Shall be used by the Defendant or his Defense Counsel solely for purposes of the defense of this criminal action;

b)  Shall be maintained in a safe and secure manner;

c)  Shall be reviewed and possessed by the Defendant solely in the presence of Defense Counsel;

d)  May be disclosed only by Defense Counsel and only to Designated Persons;

e)  May be shown to, either in person, by videoconference, or via a read-only document review platform, but not disseminated to or provided copies of to, the Defendant and Potential Defense Witnesses, to the extent deemed necessary by Defense Counsel, for trial preparation, and after such individual(s) have read and signed this Order acknowledging that such individual(s) are bound by this Order.

11. The Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses, and Other Authorized Persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing any Confidential Information referenced in the Discovery, unless authorized by the Government in writing or by Order of the Court.  Any such filings must be filed under seal, unless

authorized by the Government in writing or by Order of the Court.

12. The provisions of this Order shall not be construed as preventing disclosure of any information, with the exception of victim or witness identifying information, that is publicly available or obtained by the Defendant or his Defense Counsel from a source other than the Government.

13. Except for Discovery that has been made part of the record of this case, Defense Counsel shall return to the Government or securely destroy or delete all Discovery, including but not limited to Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the expiration of the period for a petition pursuant to 28 U.S.C. § 2255; any period of time required by the federal or state ethics rules applicable to any attorney of record in this case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

14. The foregoing provisions shall remain in effect unless and until either (a) the Government and Defense Counsel mutually agree in writing otherwise, or (b) this Order is modified by further order of the Court.

15. The Government and Defense Counsel agree to meet and confer in advance of any hearings or trial to discuss and agree to any modifications necessary for the presentation of evidence at those proceedings. In the absence of agreement, Defense Counsel may make an appropriate application to the Court for any such modifications.

SO ORDERED:

Dated: White Plains, New York
       November  16  ,2022

_____
HONORABLE NELSON S. ROMÁN
United States District Judge

AGREED AND CONSENTED TO:

Dated: November __, 2022
New York, New York

                DAMIAN WILLIAMS
                United States Attorney
                Southern District of New York

      By: _____
                Lindsey Keenan
                Assistant United States Attorney

Dated: November 15, 2022
New York, New York

                TAJ EVERLY

      By: _____
                Andrew A. Rubin, Esq.
                Counsel for TAJ EVERLY